OPINION
Plaintiff-appellant Advanced Vinyl Distributors Corp. (hereinafter "Advanced Vinyl") appeals the October 29, 1999 Order, and the October 29 , 1999 Findings of Fact and Conclusions of Law entered by the Morgan County Court of Common Pleas, following a bench trial. Defendants-appellees are Beresh Group, Inc. (hereinafter "Beresh Group" or "Beresh") and Morgan Metropolitan Housing Authority (hereinafter "Metro Housing").
 STATEMENT OF THE FACTS AND CASE
On May 23, 1995, Beresh Group and Metro Housing entered into a contract, under which Beresh would perform the duties of the general contractor for the Morgan Metropolitan Housing Authority Weatherization Project ("the Project"). Beresh Group subsequently entered into a subcontract with Advanced Vinyl. Work on the Project commenced on June 12, 1995. Via correspondence dated October 13, 1995, Beresh Group provided Advanced Vinyl with a Notice of Cancellation of Contract, effective 12:00 p.m. October 13, 1995, as a result of Advanced Vinyl's nonperformance. On October 17, 1995, Advanced Vinyl filed an Affidavit for Lien in the Morgan County Recorder's Office. Metro Housing did not serve Beresh Group with a copy of the lien affidavit or give notice to Beresh Group it must give notice of its intention to dispute the claim within twenty days. On December 21, 1995, Advanced Vinyl filed a Complaint in the Morgan County Court of Common Pleas, naming Beresh Group, Metro Housing, and ITT Hartford as defendants. The defendants filed timely answers to the complaint, and the matter proceeded through discovery. Advanced Vinyl filed a Motion for Summary Judgment against Beresh Group and Metro Housing on December 17, 1996. As to Beresh Group, Advanced Vinyl argued Beresh was estopped from disputing the claim in the lien affidavit because Beresh did not give the required notice of its intent to dispute, thereby acknowledging and assenting to the claim. With respect to Metro Housing, Advanced Vinyl maintained Metro Housing did not withhold from its payments to Beresh Group, and deposit into an escrow account, an amount sufficient to pay the claims in the lien affidavit as required by R.C. 1311.28. Beresh Group did not file a motion in opposition. Metro Housing filed a memoranda contra, conceding Beresh Group did not provide Metro Housing with notice of its intent to dispute Advanced Vinyl's claim because Metro Housing did not provide Beresh Group with notice of its need to do so. Metro Housing claimed it was aware of Beresh's intent to dispute because of the Notice of Cancellation. Metro Housing explained it did not give notice to Beresh because Advanced Vinyl did not inform Metro Housing of its duty to so advise the Beresh Group. Via Journal Entry filed January 28, 1997, the trial court denied Advanced Vinyl's motion for summary judgment, finding "several general issues remain in dispute and that this matter, therefore, is not ripe for summary judgment." Advanced Vinyl subsequently filed a Motion to Ascertain Controverted and Uncontroverted Facts on Summary Judgment pursuant to Civ.R. 56(D). The matter proceeded to bench trial on April 23, 1998. The parties filed separate proposed findings of fact and conclusions of law. Via Order filed October 29, 1999, the trial court ordered Metro Housing to distribute $14,260.27 of the $28,244 it placed into escrow to Advanced Vinyl, and the remainder, totaling $13,983.73, to Beresh Group. The distribution to Advanced Vinyl represented payment for 70% of the Project, which the trial court found Advanced Vinyl had completed. The trial court's Findings of Fact and Conclusions of Law in support of its Order were also filed on October 29, 1999. It is from this Order, and the Findings of Fact and Conclusions of Law in support thereof Advanced Vinyl appeals, raising the following assignments of error:
 I TRIAL COURT WAS IN ERROR IN NOT GRANTING PLAINTIFF-APPELLANT'S MOTION FOR SUMMARY JUDGMENT HEREIN.
 II. TRIAL COURT ABUSED ITS DISCRETION IN FAILING TO COMPLY WITH PLAINTIFF-APPELLANT'S REQUEST UNDER CIV. R. 56(D) TO SPECIFY THE MATERIAL FACTS WHICH WERE CONTROVERTED AND THOSE MATERIAL FACTS WHICH WERE NOT CONTROVERTED.
 III. TRIAL COURT COMMITTED PREJUDICIAL ERROR IN FAILING TO MAKE THE FINDINGS OF FACT AND CONCLUSIONS OF LAW REQUESTED BY PLAINTIFF-APPELLANT IN WRITING ON JUNE 11, 1999, HEREIN AS TO THE LIABILITY OF MORGAN METROPOLITAN HOUSING AUTHORITY TO THE PLAINTIFF-APPELLANT FOR FAILURE TO COMPLY WITH R.C. 1311.31 AND R.C. 1311.311; AND THE REQUEST OF PLAINTIFF-APPELLANT TO ASSESS COSTS OF DEPOSITION AND COURT COSTS HEREIN; AND TO DISBURSE FUNDS.
 I
STANDARD OF REVIEW Summary judgment proceedings present the appellate court with the unique opportunity of reviewing the evidence in the same manner as the trial court. Smiddy v. The Wedding Party, Inc. (1987),30 Ohio St.3d 35, 36. Civ.R. 56(C) states, in pertinent part: Summary Judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor.
Pursuant to the above rule, a trial court may not enter a summary judgment if it appears a material fact is genuinely disputed. The party moving for summary judgment bears the initial burden of informing the trial court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. The moving party may not make a conclusory assertion that the non-moving party has no evidence to prove its case. The moving party must specifically point to some evidence which demonstrates the non-moving party cannot support its claim. If the moving party satisfies this requirement, the burden shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. Vahila v. Hall (1997), 77 Ohio St.3d 421, 429, citing Dresher v. Burt (1996), 75 Ohio St.3d 280. It is based upon this standard we review Advanced Vinyl's first assignment of error. Advanced Vinyl maintains the trial court erred in denying its motion for summary judgment. The pertinent law is set forth in R.C. 1311.26 through 1311.32. R.C. 1311.26 authorizes: Any subcontractor * * * who is performing or has performed labor or work or is furnishing or has furnished material for any public improvement provided for in a contract between the public authority and a principal contractor, and under a contract between the subcontractor * * * and a principal contractor or subcontractor, at any time, not to exceed one hundred twenty days from the performance of the last labor or work or furnishing of the last material, may serve the public authority an affidavit stating the amount due and unpaid for the labor and work performed and material furnished, when the last of the labor or work was performed and when the last of the material was furnished * * *
R.C. 1311.28 provides:
Upon receiving the affidavit required by section 1311.26 of the Revised Code, the public authority shall detain from the principal contractor or from the balance of the funds remaining in the contract with the principal contractor, an amount, up to the balance remaining in the contract, that does not in the aggregate exceed the claim or claims.
* * * The public authority shall place any detained funds in an escrow account as provided for under section 153.63 of the Revised Code * * * R.C. 1311.31 states:
The public authority, upon the receipt of the affidavit referred to in section 1311.26 of the Revised Code shall * * * serve the principal contractor with a copy thereof, within five days after the public authority receives it, together with a notice that the principal contractor must give notice of his intention to dispute the claim within twenty days.* * * If the principal contractor fails within twenty days after receipt of the affidavit to serve to the public authority written notice of his intention to dispute the claim, he has assented to its correctness, provided that within twenty days after receipt by any subcontractor of a copy of the affidavit, the subcontractor may serve the notice of intention to dispute on behalf of the principal contractor. Thereupon, provided all affidavits filed on the same public improvement have been assented to, the amount detained from the principal contractor shall be applied by and payment made by the public authority, in the order of preference provided in section 1311.29 of the Revised Code, pro rata, upon the claims on which affidavits have been filed. * * *
We first turn to Advanced Vinyl's argument as it relates to Beresh Group. In its motion for summary judgment, Advanced Vinyl asserts, "No notice of intent to dispute the affidavit of claim was ever received by [Advanced Vinyl] from Beresh Group, Inc. and/or [Metro Housing]." Plaintiff's Motion for Summary Judgment Attorney Fees at 3, unpaginated. The only evidence Advanced Vinyl submits in support of this assertion is the affidavit of Carol Landers, the president of Advanced Vinyl. In her affidavit, Landers avers Advanced Vinyl "received no notice from Beresh Group, Inc. and/or [Metro Housing] that Beresh Group, Inc. intended to dispute the claim of [Advanced Vinyl] in the affidavit." Affidavit of Carol Landers at 2, unpaginated. In Vahila v. Hall, supra, the Ohio Supreme Court explained: [A] party moving for summary judgment has certain obligations that must be met. * * * the party seeking summary judgment "* * * bears the burden of affirmatively demonstrating that, with respect to every essential issue of each count in the complaint, there is not genuine issue of fact." (Citations omitted). The moving party bears this burden "* * * even with regard to issues on which plaintiffs * * * would have the burden of proof should the case go to trial." (Citations omitted).
The requirement that a party seeking summary judgment disclose the basis for the motion and support the motion with evidence is well founded in Ohio Law. "The burden of showing that no genuine issue exists as to any material fact falls upon the moving party in requesting a summary judgment." (Citations omitted). Reading [this] requirement * * * in conjunction with Civ.R. 56 and 7(B)(1), it can readily be seen that the moving party must state specifically which area of the opponent's claim raise no genuine issue of material fact and such assertion may be supported by affidavits or otherwise as allowed by Civ.R. 56(C).
It should be noted that placing the above-mentioned requirements on the moving party does not mean the non-moving party bears no burden. Requiring that the moving party provide specific reasons and evidence gives rise to a reciprocal burden of specificity for the non-moving party. (Footnote omitted in original).
Id. at 428-429.
Advanced Vinyl bore the initial burden of presenting evidence to demonstrate Beresh Group received notice of the lien affidavit. The fact the evidence establishes Beresh Group failed to affirmatively dispute the claim is not proof of the fact Beresh Group actually received notice of the affidavit from Metro Housing. Because Advanced Vinyl failed to meet its initial burden, we find the trial court's denial of its motion for summary judgment with respect to Beresh Group was appropriate. We now turn to Advanced Vinyl's argument as it relates to Metro Housing. Advanced Vinyl argues the housing authority failed to comply with the provisions of R.C. 1311.26 through 1311.31, thereby subjecting it to liability pursuant to R.C. 1311.32. Specifically, Advanced Vinyl submits Metro Housing failed to comply with the aforementioned statutes by failing to notify Beresh Group of the affidavit; by failing to deposit sufficient funds into an escrow account; and by paying monies to Beresh Group after receipt of the affidavit. In response, Metro Housing maintains Beresh Group's failure to contest the claim does not definitively establish Advanced Vinyl was due the entire amount of the contract price or establish Advanced Vinyl completely performed its obligation under said contract. In Turzillo Contracting Co. v. Cincinnati Metro. Hous. Auth. (1967), 10 Ohio St.2d 5, the Ohio Supreme Court held: Where, under Section 1311.31, Revised Code, a principal contractor assents to the correctness of a claim by failing to manifest in intention to dispute the same, a subcontractor acquires no right to have the moneys held by the owner, with whom the subcontractor is not in privity, applied to his claim against the principal contractor under Section 1311.32, Revised Code, until the latter is afforded an opportunity to assert any defense it may have against the subcontractor, except as to the correctness of the amount and value of the claim.
Id. at para. 5 of syllabus.
The Turzillo Court held the mere filing of a statement, the correctness of which the principal contractor assented to, did not automatically entitle a subcontractor to receive payment thereon until it actually became due. Id. at 11. The Turzillo Court held the subcontractor had to show the work was actually and satisfactorily performed. Id. We find the fact Beresh Group did not contest the claim, whether the result of a lack of notice by Metro Housing or a conscious decision, does not establish Advanced Vinyl's claims against Beresh and/or Metro Housing. Advanced Vinyl was required to submit evidence it satisfactorily completed the work. In Turzillo, the Ohio Supreme Court indicated those issues may be raised by the owner (Metro Housing) who has a vital interest in the proper execution of the work under the principal contract. Id. Because Advanced Vinyl failed to submit such evidentiary material, we find the trial court properly denied its motion for summary judgment relative to Metro Housing. Advanced Vinyl's first assignment of error is overruled.
 II
In its second assignment of error, Advanced Vinyl asserts the trial court abused its discretion in failing to comply with its request to specify the material facts which were and were not disputed for trial. Advanced Vinyl relies upon the language in Civ.R. 56(D), which provides: If on motion under this rule summary judgment is not rendered upon the whole case or for all the relief asked and a trial is necessary, the court in deciding the motion, shall examine the evidence or stipulation properly before it, and shall if practicable, ascertain what material facts exist without controversy and what material facts are actually and in good faith controverted. The court shall thereupon make an order on its journal specifying the facts that are without controversy, including the extent to which the amount of damages or other relief is not in controversy, and directing such further proceedings in the action as are just. Upon the trial of the action the facts so specified shall be deemed established, and the trial shall be conducted accordingly. (Emphasis added).
Advanced Vinyl's reliance on Civ.R. 56(D) is misplaced. The rule applies only in cases in which summary judgment "is not rendered upon the whole case," i.e., a ruling granting or denying partial summary judgment. Accordingly, we find the trial court was not required to journalize the material facts which existed without controversy and those which were controverted because the trial court denied appellant's motion for summary judgment upon the whole case. Assuming, arguendo, Civ.R. 56(D) is applicable herein, we find Advanced Vinyl has failed to establish any harm resulting from the trial court's failure to make the requested order. All of the issues raised by Advanced Vinyl were addressed at trial, and Advanced Vinyl was not prohibited from presenting evidence on any issue at trial. Advanced Vinyl's second assignment of error is overruled.
 III
In its final assignment of error, Advanced Vinyl contends the trial court erred in failing to make findings of fact and conclusions of law with respect to Metro Housing's liability for failure to comply as requested by Advanced Vinyl. Additionally, Advanced Vinyl takes issue with the trial court's denial of its request to assess deposition and court costs, and to disburse funds. Following trial, the parties filed separate proposed findings of fact and conclusions of law. Advanced Vinyl subsequently asked the trial court to make specific findings of fact and conclusions of law relative to Metro Housing's liability to Advanced Vinyl as a result of its failure to comply with the statutory guidelines. Additionally, Advanced Vinyl asked the trial court to make findings of fact and conclusions of law relative to Beresh Group's liability to Advanced Vinyl as a result of the payments Beresh received from Metro Housing after the filing of the lien affidavit. Upon review of the record, we find the trial court did make findings of fact and conclusions law relative to these issues. The fact the trial court did not issue findings and conclusions to Advanced Vinyl's liking is not justification for reversal. We find the trial court's findings were supported by the evidence and were sufficient to support its legal conclusions. Advanced Vinyl's third assignment of error is overruled. The judgment of the Morgan County Court of Common Pleas is affirmed.
Hoffman, P.J. Farmer, J. and Milligan, V.J. concur